J-S78019-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH JOSEPH TROUTMAN | : | |
| | : | |
| Appellant | : | No. 627 WDA 2017 |

Appeal from the Judgment of Sentence Entered March 23, 2017
In the Court of Common Pleas of Butler County Criminal Division at No(s):
CP-10-CR-0001045-2016

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                          FILED MARCH 26, 2018

Appellant, Kenneth Joseph Troutman, appeals from the March 23, 2017 Judgment of Sentence entered in the Butler County Court of Common Pleas following his conviction of Driving Under the Influence—Controlled Substance ("DUI") and the summary offense of Signal Improper.[1]   On appeal, Appellant challenges the sufficiency of the evidence in support of his DUI conviction.   After careful review, we affirm on the basis of the trial court's Opinion.

The facts, as gleaned from the record, are as follows.  On February 23, 2016, Trooper Thomas Karlo of the Pennsylvania State Police observed Appellant driving on State Route 28 in Buffalo Township, Butler County.

_____

[1] 75 Pa.C.S. § 3802(d)(1)(ii) and 75 Pa.C.S. § 3334(b).

_____

*   Retired Senior Judge assigned to the Superior Court.

Trooper Karlo observed Appellant change from the right lane to the left lane after Appellant briefly activated his turn signal. He then observed Appellant change back to the right lane. After returning to the right lane, Appellant's turn signal remained on for at least ten seconds. At that point, Trooper Karlo activated his overhead lights and conducted a traffic stop.

Trooper Karlo approached the passenger side of Appellant's vehicle and asked Appellant for his documents and identification. As he did so, Trooper Karlo noticed Appellant laughing, which he thought was odd, and observed two pill bottles inside Appellant's vehicle. Trooper Karlo observed that Appellant's pupils were extremely dilated and asked Appellant what medications he was taking. Appellant replied that he was taking viibryd and clonazepam,[2] and indicated that he had taken a clonazepam prior to driving. At Trooper Karlo's request, Appellant agreed to undergo field sobriety testing.

Based on Trooper Karlo's observations of Appellant's performance on the tests, Trooper Karlo concluded Appellant had been driving under the influence of a controlled substance. He placed Appellant in custody and transported him to the Kittanning State Police Barracks.

At the Kittanning Barracks, Appellant agreed to undergo an evaluation by Corporal Christopher Robbins, the Barrack's Patrol Unit Supervisor and a

_____

[2] Viibryd is an antidepressant and clonazepam is a sedative used to treat seizures, panic disorder, and anxiety.

drug recognition expert. As part of the examination, Appellant admitted to having taken medication. Corporal Robbins concluded after his examination that Appellant was under the influence of a central nervous depressant or depressants and was incapable of safely driving a vehicle. The Commonwealth charged Appellant with the above offenses, as well as Failure to Discontinue Signal and Careless Driving.[3]

Following a non-jury trial at which Trooper Karlo and Corporal Robbins testified, the court convicted Appellant of DUI and Signal Improper. On March 23, 2017, the court sentenced Appellant to serve six months' intermediate punishment for the DUI conviction, the first 72 hours on house arrest, and pay a fine of $1,000.00. The court imposed a sentence of 60 hours' community service and a $25.00 fine for Appellant's Signal Improper conviction. This appeal followed.[4]

On appeal, Appellant challenges the sufficiency of the Commonwealth's evidence in support of his DUI conviction. Appellant's Brief at 2. Appellant baldly claims that Trooper Karlo's testimony that Appellant left his turn signal on for approximately ten to twelve seconds after changing lanes and Corporal Robbins' testimony that Appellant showed signs of being under the

_____

[3] 75 Pa.C.S. § 3334(d) and 75 Pa.C.S. § 3714(a), respectively.

[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

influence of a depressant do not comprise sufficient evidence to prove that he was incapable of driving safely. Id. at 3-5.

To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

Commonwealth v. Koch, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).

Evidentiary sufficiency presents a question of law; thus, our standard of review is de novo and our scope of review is plenary. Commonwealth v. Johnson, 107 A.3d 52, 66 (Pa. 2014) (citation omitted).

A person commits the offense of DUI—Controlled Substance if he or she is "under the influence of a drug or combination of drugs to a degree which impairs [his or her] ability to safely drive, operate[,] or be in actual physical control of the movement of the vehicle." 75 Pa.C.S. §3802(d)(2).

Following our review of the Notes of Testimony, we conclude that the Commonwealth adduced sufficient evidence from which the trial court, sitting as fact-finder, could have concluded that Appellant was incapable of safely operating his vehicle. The trial court authored a comprehensive Opinion wherein it articulated the specific evidence upon which it based its

verdict, and we adopt that Opinion as our own and affirm the Judgment of Sentence. See Trial Ct. Op., 5/25/17, at 3-5 (noting its conclusion that, in light of the testimony of Trooper Karlo and Corporal Robbins, and Appellant's admission that he had taken prescription medications prior to driving, the Commonwealth's evidence that Appellant had driven his vehicle on a highway or roadway while under the influence of a drug or combination of drugs to a degree that impaired his ability to safely drive the vehicle).

The parties are directed to attach the trial court's May 25, 2017 Opinion to all future filings.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/2018

**IN THE COURT OF COMMON PLEAS**
**BUTLER COUNTY, PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA                    CRIMINAL DIVISION

vs.                                              C.A. No. 1045 of 2016

KENNETH J. TROUTMAN

For the Commonwealth:     Terri M. Schultz, Esq., Assistant District Attorney
For the Defendant:        Linda L. Ziembicki, Esq.

## ORDER OF COURT PURSUANT TO Pa.R.A.P. 1925(a)

AND NOW, this 25th day of May, 2017, the Clerk of Courts is directed to transmit the

above record to the Superior Court of Pennsylvania in accordance with the Rules of Appellate

Procedure.

By order dated April 24, 2017, the Defendant was directed to file and to serve on the

judge a concise statement of errors complained of on appeal within twenty-one days. That order

was entered on the docket on April 25, 2017, and copies of it were distributed on that date. A

Concise Statement of Matters Complained Of was filed, though not served on the judge, on May

18, 2017. In his Statement, the Defendant raises two claims:

1. The lower court erred when it found beyond a reasonable doubt that the
   Defendant had been incapable of safe driving[;] and

2. The trial court erred when it found the Defendant Guilty as there was not
   enough evidence to convict the Defendant on the charge of Driving Under the
   Influence.

It appears the Defendant is asserting there was insufficient evidence upon which to convict and

that the verdict was against the weight of the evidence.

1

30

The Supreme Court of Pennsylvania addressed the standard of review for a sufficiency of the evidence challenge as follows:

> When reviewing a challenge to the sufficiency of the evidence, we must determine if the Commonwealth established beyond a reasonable doubt each of the elements of the offense, considering the entire trial record and all of the evidence received, and drawing all reasonable inferences from the evidence in favor of the Commonwealth as the verdict-winner. *Commonwealth v. Pruitt*, 597 Pa. 307, 951 A.2d 307, 313 (2008). The Commonwealth may sustain its burden of proof by wholly circumstantial evidence. *Commonwealth v. Kennedy*, 598 Pa. 621, 959 A.2d 916, 921 (2008), cert. denied, 129 S. Ct. 2433, 174 L. Ed. 2d 229 (2009).

*Commonwealth v. Segida*, 985 A.2d 871, 880 (Pa. 2009). The Supreme Court addressed weight of the evidence challenges thusly:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Commonwealth v. Johnson*, 542 Pa. 384, 394, 668 A.2d 97, 101 (1995), *cert. denied*, 519 U.S. 827, 117 S.Ct. 90, 136 L.Ed.2d 46 (1996). An appellate court cannot substitute its judgment for that of the finder of fact. *Commonwealth v. Pronkoskie*, 498 Pa. 245, 251, 445 A.2d 1203, 1206 (1982). Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. **673 *Commonwealth v. Hawkins*, 549 Pa. 352, 368, 701 A.2d 492, 500 (1997), *cert. denied*, 523 U.S. 1083, 118 S.Ct. 1535, 140 L.Ed.2d 685 (1998).

*Commonwealth v. Small*, 741 A.2d 666, 672-73 (Pa. 1999). The Defendant challenges his conviction for violating § 3802(d)(2), which provides as follows:

> **(d) Controlled substances.**--An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> ...
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

During the early evening of February 23, 2016, Trooper Thomas Karlo of the Pennsylvania State Police was following the Defendant's tan Chevrolet S-10 on State Route 28 in Buffalo Township, Butler County. The Trooper observed the Defendant change from the right to the left lane after activating his turn signal briefly. He then observed the Defendant change from the left to the right travel lane. After returning to the right travel lane, the Defendant's turn signal remained on for at least ten seconds. At that point, the Trooper activated his overhead lights and conducted a traffic stop. Trooper Karlo had more than three years of experience as a Pennsylvania State Police Trooper, had received standard field sobriety test training, and had attended an advanced roadside impaired driving enforcement class.

Trooper Karlo approached the passenger side of the Defendant's truck and asked for the Defendant's documents and identification. As he did so he noticed that the Defendant was laughing. The Trooper observed two pill bottles inside of the truck. He asked the Defendant what medications he was taking. The Defendant indicated he was taking viibryd and clonazepam. The Defendant indicated that he had taken a clonazepam before driving. The Trooper noticed that the Defendant's pupils were extremely dilated. Based on his observations and the Defendant's statements, Trooper Karlo requested that the Defendant undergo field sobriety testing. The Defendant agreed.

The horizontal gaze nystagmus test, the one leg stand test, and the walk and turn test were administered by Trooper Karlo. During the walk and turn test, the Defendant took eight instead of the instructed nine steps. During the one leg stand test, the Defendant put his leg down prematurely after he lost his balance. During the horizontal gaze nystagmus test, Trooper Karlo noticed a lack of smooth pursuit, distinct nystagmus at maximum deviation, and onset of nystagmus prior to forty-five degrees. Trooper Karlo also noticed redness of the Defendant's

conjunctiva. Based on his observations, the Trooper believed the Defendant had been driving under the influence of a controlled substance. He thus placed the Defendant into custody and requested a drug recognition expert. The Defendant was transported by the Trooper to the Kittanning State Police Barracks.

Once at the Kittanning Barracks, the Defendant agreed to undergo an evaluation by a drug recognition expert beginning at approximately 6:00 P.M. Corporal Christopher Robbins, the Patrol Unit Supervisor and a drug recognition expert, conducted the evaluation. Corporal Robbins observed that the Defendant had a red face, "thick" speech, a heart rate at the high end of the normal range, and the Defendant appeared to be nervous. As part of the evaluation, the Corporal administered a horizontal gaze nystagmus test. He observed several indicators that the Defendant was under the influence, including lack of smooth pursuit, distinct and sustained nystagmus, onset of nystagmus at approximately 30 degrees, which indicates the presence of drugs, and a lack of convergence. Corporal Robbins then had the Defendant undergo a modified Romberg balance test. During that test, the Defendant exhibited a 2" circular sway and eye tremors. He also failed to maintain his position to within five seconds of the acceptable time as he was instructed. Prior to a walk and turn test, the Defendant was unable to keep his balance while instructions were being given. During the test, the Defendant took seven steps instead of the requested nine, raised his arms, and made an improper turn. During a one leg stand test, the Defendant swayed, kept his foot lower than was directed, failed to count the number "10", and switched feet. The Defendant failed to perform satisfactorily on a finger to nose test. The Defendant's pupils were also observed to be excessively dilated in a dark room, and the Defendant's pupils were abnormally slow to react. As part of the examination, the Defendant admitted to having taken medication. Based on the examination performed by Corporal

Robbins, he opined that the Defendant was under the influence of a central nervous system depressant or depressants and was incapable of safely driving a vehicle.

Based on the testimony of Trooper Karlo and Corporal Robbins, which the Court found to be credible, there was sufficient evidence to find beyond a reasonable doubt that the Defendant drove his vehicle on a highway or roadway while under the influence of a drug or combination of drugs to a degree which impaired his ability to safely drive, operate, or be in actual physical control of the movement of the vehicle. The Defendant admitted to taking medications for which he had prescriptions prior to driving. While driving, he was observed by Trooper Karlo to switch lanes without, in the Trooper's opinion, signaling adequately. He was observed by the Trooper to change lanes and keep his turn signal on for at least ten seconds after doing so. Once stopped, the Defendant was observed by the Trooper to laugh when he approached. He performed poorly on roadside standardized field sobriety testing and his eyes were observed to be dilated. Once taken to the Kittanning Barracks, the Defendant again performed poorly on standardized field sobriety testing and exhibited an inability to maintain his balance. Additionally, the Defendant was observed to be swaying in a circular motion during the Romberg balance test, exhibited eye tremors, and failed to complete the test satisfactorily. It was not error to find the Defendant was incapable of safely driving or that he was guilty beyond a reasonable doubt of driving under the influence of a controlled substance. The verdict was not against the weight of the credible evidence presented at trial.

By the Court,

William R. Shaffer, Judge

t S-26-17
nce
ice
(S,) da
atty tiembicki
appeal clerk

2017 MAY 25 PH 2:50
BUTLER COUNTY
COURT OF COMMON PLEAS
LISA WEILAND LOTZ
CLERK OF COURTS
ENTERED AND FILED